IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHNSON CONTROLS SECURITY SOLUTIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:22-cv-1238 AJT/IDD ) ) |
| ORION MANAGEMENT, LLC, | ) ) ) ) |
| Defendant. | ) ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Johnson Controls Security Solutions, LLC's ("Plaintiff") Motion for Default Judgment against Defendant, Orion Management, LLC ("Defendant"). Pl.'s Mot. for Default J., Dkt. No. 14. After the Defendant failed to file an answer, plead, or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, the supporting memorandum, and relevant portions of the underlying record, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED**.

## I.     INTRODUCTION

Plaintiff filed its Complaint against Defendant on November 1, 2022. Dkt. No. 1. Plaintiff brought a claim for breach of contract. Compl. ¶¶ 5-15. In its Complaint, Plaintiff seeks monetary damages, pre-judgment interest, post-judgment, and costs. *Id.*

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. Compl. ¶ 3; Coleman Declaration at ¶¶ 3–4; Mozen Declaration at ¶ 2; *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (explaining that limited liability companies have the citizenship of their members). This Court has personal jurisdiction over Defendant because its principal place of business is within this district. Compl. at ¶ 2; Coleman Declaration at ¶ 3. Similarly, venue is appropriate in this district. Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" and in a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §§ 1391(b)(1)-(2). Venue is also proper where a defendant "is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). Here, a substantial part of the events giving rise to this lawsuit occurred in this district. *Id.* at ¶ 4. Furthermore, as discussed above, Defendant is subject to the Court's personal jurisdiction. Therefore, the undersigned finds that venue is proper in this district under 28 U.S.C. § 1391(b).

### B. Service of Process

The Court must also be satisfied that the defaulting party has been properly served. Generally, a summons must be served with a copy of the complaint by any person who is at least 18 years old and not a party. FED. R. CIV. P. 4(c)(1–2). Rule 4(h)(1)(B) allows a party to serve a corporation, partnership, or association inside the U.S. "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). On November

11, 2022, Abel Emiru, a private process server, served Defendant's Registered Agent Jason Collins. Dkt. No. 6. Therefore, the undersigned finds that service of process is proper in this action.

### C. Grounds for Default Judgment

Plaintiff filed its Complaint on November 1, 2022. Dkt. No. 1. Plaintiff served Defendant on November 11, 2022. Dkt. No. 6. Plaintiff then filed a Request for Clerk's Entry of Default on December 8, 2022, and the Clerk of the Court entered default on December 16, 2022. Dkt. No. 11. On January 6, 2023, Plaintiff filed its Motion for Default Judgment and accompanying memorandum in support of its motion. Dkt. Nos. 14-15. Upon this matter's referral, a hearing was held before the undersigned on January 13, 2023. Dkt. No. 17. Because of Defendant's failure to appear at the hearing or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. *Id.*

## II.   EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id*.

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III. FACTUAL FINDINGS AND ANALYSIS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts. Plaintiff performed services for and sold equipment to Defendant related to projects the parties worked on together in San Francisco and Washington, D.C. Plaintiff sent a demand for payment for all outstanding invoices stemming from the projects, but Defendant disputed the amount due. The parties agreed to settle the undisputed portion of the past-due invoices by signing a payment agreement. On or about March 30, 2021, Defendant entered into a Payment Agreement ("Contract") with Plaintiff. Dkt. No. 1-1 (under seal). The Contract required Defendant to pay Plaintiff $555,000.00 through nine separate monthly payments of $61,111.11 beginning on April 15, 2021. *Id.* Defendant made the first full payment of $61,111.12, and one partial payment of $5,000. Compl. ¶ 11. Defendant failed to make any further payments.

### Count I – Breach of Contract

Plaintiff seeks to recover on a breach of contract claim under Count I of the Complaint. Under Virginia law, to establish an action for breach of contract, the plaintiff must demonstrate: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of the obligation; and (3) an injury or harm to the plaintiff caused by the defendant's breach." *Va. Elec. & Power Co. v. Bransen Energy, Inc*. 850 F.3d 645, 655 (4th Cir. 2017) (citing *Navar, Inc. v. Fed. Bus. Council*, 291 Va. 338 (2016)). A plaintiff must prove damages with reasonable certainty. *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154 (2009). Contingent, speculative, and uncertain damages are not recoverable. *Id*.

Here, the undersigned finds that Plaintiff has sufficiently established that Defendant breached its Contract with Plaintiff. First, the agreement referenced in the Complaint, coupled with Defendant's acceptance of its terms, constitute a legally enforceable obligation of the parties. ("Contract") Compl. ¶ 7. The Contract provided that Defendant would pay Plaintiff $555,000.00, in equal monthly installments, by December 15, 2021, for the undisputed portion of the outstanding invoices. Dkt. No. 1-1.

Second, Defendant breached its obligation under the Contract. Defendant paid Plaintiff $66,111.12 but has failed to pay the remaining balance of $483,888.88. There is no indication in the record that Defendant objected to either the work Plaintiff performed, or the equipment Plaintiff sold to Defendant. Plaintiff gave notice to Defendant of its breach, but Defendant still failed to remit payment for the remaining balance of $483,888.88. *Id*. ¶ 14. Plaintiff performed all obligations required by the Contract. Compl. ¶ 10.

Third, Plaintiff has suffered damages as a result of Defendant's breach of the Contract. Because Defendant refused to pay the remaining balance of $483,888.88, Plaintiff's damages amount to $483,888.88. Therefore, the undersigned finds that Plaintiff has properly established a breach of contract claim against Defendant and recommends that Plaintiff's Motion be granted as to Count I, breach of contract.

Plaintiff also seeks an award of pre-judgment interest. "Virginia law governs the award of pre-judgment interest in a diversity case." *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir.1999). Under Virginia law, a district court may award pre-judgment interest, in its discretion, by weighing the "equities in a particular case to determine whether an award of pre-judgment interest is appropriate." *See* Va. Code Ann. § 8.01-382; *Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 727 (4th Cir. 2000). When balancing these interests, courts consider the underlying concerns behind the equities. First, the party "denied the use of money to which it is rightfully entitled, should be compensated for that loss," including interest. *See Wells Fargo Equip. Finance, Inc., v. State Farm Fire and Cas. Co.*, 823 F. Supp. 2d 364, 366 (E.D. Va. 2011). Second, the award of pre-judgment interest should not penalize the defendant for exercising their right to litigate any bona fide legal questions. *Id.* at 366.

In that regard, Plaintiff has been denied $483,888.88 which it is entitled to under the terms of the Contract. Further, by failing to answer the Complaint or otherwise participate in this matter, the Defendant has not exercised its right to litigate any bona fide legal question to litigate. Thus, Defendant would not be penalized by an award of pre-judgment interest. These factors both weigh in favor of awarding pre-judgment interest.

As to the amount of pre-judgment interest, Virginia law provides that, "if the judgment is based on a contract that does not fix an interest rate, the court shall apply the judgment rate of

6

interest of six percent to calculate any award of pre-judgment interest, pursuant to § 8.01-382. *Allied Prop. & Cas. Ins. Co. v. Zenith Aviation Inc.*, 2019 U.S. Dist. LEXIS 234302, at *23-24 (citing Va. Code § 6.2-302(B)). The Contract at issue does not address pre-judgment interest. Dkt. No. 1-1. Therefore, the undersigned finds Plaintiff is entitled to an award of pre-judgment interest at an annual rate of 6% from May 15, 2021, the date of Defendant's breach of the Contract, to the date of the Court's judgment.

Lastly, Plaintiff seeks post-judgment interest. Pursuant to 28 U.S.C.§ 1961(a), interest can be awarded on any money judgment in a civil case adjudicated in a district court. As a matter of law, Plaintiff is entitled to an award of post-judgment interest, and, therefore, the undersigned recommends an award of post-judgment interest pursuant to 28 U.S.C. § 1961(a).

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be GRANTED as to Count I of the Complaint. Accordingly, the undersigned Magistrate Judge recommends that an Order be entered awarding Plaintiff direct damages in the amount of $483,888.88, including pre-judgment interest at six percent interest from May 15, 2021 through the date of this judgment, and $402.00 in costs and post-judgment interest at the legal rate pursuant to 28 U.S.C. § 1961(a) until the judgment is satisfied.

## V. NOTICE

**By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendants at their address for service of process, the parties are notified as follows**. **Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen**

**(14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

      /s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

July 25, 2023
Alexandria